IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE
(HEARD IN NASHVILLE)

**STATE OF TENNESSEE v. DENNIS WADE SUTTLES**

**Appeal from the Criminal Court for Knox County**
**No. 60819    Mary Beth Leibowitz, Judge**

**No. E1998-00088-SC-DDT-CD - Decided June 26, 2000**

JUSTICE BIRCH, dissenting.

In contrast to the view of my colleagues, I would hold that the evidence of premeditation adduced against the defendant in this case is insufficient to support the conviction of first degree premeditated murder. This view finds partial support in the following excerpt from the majority opinion:

> When Christina approached, the defendant said, "Get back or I'll kill her." Christina stepped back, and the victim told the defendant to put the knife away and she would go with him. The defendant put the knife in his pocket, apologized, and released the victim. When the victim fled toward the restaurant, the defendant followed, tackled the victim, pulled out his knife, slashed her throat and stabbed her multiple times.

The above excerpt amply indicates, in my opinion, that Suttles clearly and unequivocally abandoned any thought about harming the victim. (This intent was, however, unfortunately reignited when the victim fled toward the restaurant.)

To convict upon unpremeditated murder (second degree murder), the State must prove beyond a reasonable doubt that the defendant unlawfully killed the alleged victim and that the defendant acted knowingly. Tenn. Code Ann. § 39-13-210 (1997).

On appellate review of evidentiary sufficiency, the proper inquiry is whether "considering the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." State v. Hall, 8 S.W.3d 593, 599 (Tenn. 1999) (citing Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)).

For the reasons expressed herein, and especially upon analysis under the criterion above-

described, I am unable to approve the conviction for first degree premeditated murder. I would vacate the conviction and enter in its place a conviction for second degree murder with a remand for resentencing.